**Randy Reynaldo REYES, Petitioner— Appellant,**

v.

**W.A. DUNCAN, Warden, Salinas Valley State Prison, Respondent— Appellee.**

No. 06–16824.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Nov. 15, 2007.

Dennis P. Riordan, Esq., Riordan & Horgan, San Francisco, CA, for Petitioner–Appellant.

Bruce Ortega, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: HUG, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Randy Reynaldo Reyes, a California state prisoner, appeals the district court's

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Mr. Reyes contends his due process right and Sixth Amendment right to present a defense were violated by the exclusion at trial of hearsay statements made by Mr. Reyes' co-defendant, Juan Ruiz.

We have jurisdiction to hear Mr. Reyes' appeal pursuant to 28 U.S.C. § 2253, and we affirm the district court's denial of Mr. Reyes' petition.

We review the district court's denial of Mr. Reyes' habeas corpus petition de novo. *Tanner v. McDaniel*, 493 F.3d 1135, 1139 (9th Cir.2007). A habeas petition shall not be granted with respect to any claim that was adjudicated on the merits in state court unless "the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (2006) (effective April 24, 1996).

Mr. Reyes contends the federal district court unreasonably applied clearly established federal law regarding whether a defendant has a due process right to have otherwise inadmissible hearsay statements admitted into evidence. *See Chambers v. Mississippi*, 410 U.S. 284, 300, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). Pursuant to *Chambers*, a court should consider whether the circumstances surrounding the statements provided considerable assur-

ance of their reliability. *See id.* at 300, 93 S.Ct. 1038. "[W]hen a hearsay statement bears persuasive assurances of trustworthiness and is critical to the defense, the exclusion of that statement may rise to the level of a due process violation." *Chia v. Cambra*, 360 F.3d 997, 1003 (9th Cir.2004) (citing *Chambers*, 410 U.S. at 302, 93 S.Ct. 1038). If statements are unreliable, a defendant does not have a right to have those statements admitted into evidence. *See id.*

In this case, the California trial court erroneously applied a more stringent standard for testing the reliability of a hearsay statement than the *Chambers* standard.[1] Because the trial court applied the wrong legal standard, we must determine (1) whether this error was contrary to or involved an unreasonable application of clearly established federal law, *see* 28 U.S.C. § 2254(d)(1), and if so, (2) whether Mr. Reyes suffered prejudice, specifically, whether any error had substantial and injurious effect or influence in determining the jury's verdict, *see Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Inthavong v. Lamarque*, 420 F.3d 1055, 1059 (9th Cir.2005).

Although the trial judge erroneously applied the test for reliability set forth in *Idaho v. Wright*, 497 U.S. 805, 820, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), Mr. Reyes was not prejudiced by this error. The trial judge properly found that the co-defendant's statements were not trustworthy because the co-defendant wanted to avoid both the death penalty and being killed by other gang members for implicating others. The trial judge's detailed findings demonstrate that the co-defendant's

---

1. The trial court referred to and applied the standard set forth in *Idaho v. Wright*, 497 U.S. 805, 820, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). The *Idaho v. Wright* standard is applicable when the Confrontation Clause is implicated. *See id.* at 813–14, 110 S.Ct. 3139.

In such a case, the hearsay rule does not bar the admission of statements when "the declarant's truthfulness is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility." *Id.* at 820, 110 S.Ct. 3139.

statements also would not have satisfied the *Chambers* test had the court applied it. And even if the statements had been admitted, they probably would not have affected the verdict. The co-defendant stated that Mr. Reyes initially urged him not to attack the victim but then ultimately participated in the killing by holding the victim's legs. The jury identified the disparity in the roles played by the two defendants when it found Mr. Reyes guilty of second degree murder and found the co-defendant guilty of first degree murder. It was not unreasonable for the state court to conclude that exclusion of the disputed statements was harmless.

Accordingly, we AFFIRM the district court's dismissal of Mr. Reyes' petition for writ of habeas corpus.